Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000479
22-JUL-2016
08:44 AM

NO. CAAP-15-0000479

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GUSTAFSON REAL ESTATE LLC, Plaintiff-Appellee, v.
MICHAEL WATKINS, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL CASE NO. 1RC15-1-3764)


MEMORANDUM OPINION
(By:  Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendant-Appellant Michael Watkins (**Watkins**) appeals pro se, presumably from the "Judgment for Possession" entered on May 29, 2015 in the District Court of the First Circuit[1] (**district court**).

On appeal,[2] Watkins challenges the district court's

_____

[1] The Honorable Michael K. Tanigawa presided over the hearings and the Honorable Hilary Benson Gangnes signed the Judgment for Possession and Writ of Possession.

[2] Watkins' opening brief violates Hawai'i Rules of Appellate Procedure Rule 28(b)(4), which provides, in pertinent part:

> **Rule 28.  BREIFS.**
>
>     . . . .
>
>     **(b) Opening brief.**  Within 40 days after the filing of the record on appeal, the appellant shall file an opening brief, containing the following sections in the order here indicated:
>
>     . . . .
>
>     (4) A concise statement of the points of error set forth in separately numbered paragraphs.  Each point shall state: (i) the alleged error committed by the court or

(continued...)

subject matter jurisdiction and contends that he was deprived of due process because he was not allowed to appear telephonically, which we construe as a challenge to the district court's grant of default judgment against Watkins.

## I. BACKGROUND

On February 10, 2015, Watkins executed a rental agreement with a brokerage firm, Plaintiff-Appellee Gustafson Real Estate LLC (**GRE**), for a residential property with rent of $1,795 per month.

On May 12, 2015, GRE filed a complaint in district court for summary possession and to collect Watkins' unpaid rent and late fees.

GRE contends that Watkins informed them that he would not be appearing at the May 27, 2015 hearing and would not be contesting the issue of possession. Because of Watkins' failure to appear, the district court entered its Judgment for Possession in favor of GRE. The district court entered its Writ of Possession on May 29, 2015.

Watkins filed his notice of appeal on June 23, 2015, and purported to appeal from "the Ruling entered on May 26, 2015." The only entry on May 26, 2015 was a stricken "Notice of Removal to Federal Court." Watkins also stated that he was appealing from the "Ruling entered on June 10, 2015," the day on which the district court minutes indicate the district court stated its intention to enter a default against Watkins as to GRE's claims for damages. We construe Watkins' appeal to be from the May 29, 2015 Judgment for Possession, which was the only appealable judgment at the time Watkins filed his notice of appeal. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.3d 702, 704 (1995) (concluding that a judgment for possession was a

---

[2](...continued)
agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency. . . .

. . . .

Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented.

judgment immediately appealable under the <u>Forgay</u> doctrine (citing <u>Forgay v. Conrad</u>, 47 U.S. 201 (1848)).

The district court entered a default judgment against Watkins on July 21, 2015 regarding GRE's claim for damages. We lack appellate jurisdiction with regard to this judgment.[3]

## II. STANDARD OF REVIEW

### A. Subject Matter Jurisdiction

"The existence of subject matter jurisdiction is a question of law that is reviewable <u>de novo</u> under the right/wrong standard." <u>U.S. Bank Nat'l Ass'n v. Castro</u>, 131 Hawai'i 28, 34, 313 P.3d 717, 723 (2013) (internal quotation marks omitted) (quoting <u>Aames Funding Corp. v. Mores</u>, 107 Hawai'i 95, 98, 110 P.3d 1042, 1045 (2005)).

### B. Default Judgment

"Application of [Hawai'i Rules of Civil Procedure] Rule 55, which governs entry of default judgment, is reviewed for abuse of discretion." <u>Gonsalves v. Nissan Motor Corp. in Hawaii, Ltd.</u>, 100 Hawai'i 149, 158, 58 P.3d 1196, 1205 (2002). The same standard applies to the application of District Court Rules of Civil Procedure (**DCRCP**) Rule 55, which governs entry of default judgment in district court proceedings. <u>See</u> <u>id.</u> at 159, 58 P.3d at 1206.

## III. DISCUSSION

### A. Subject Matter Jurisdiction

Watkins asserts a broad challenge to the district court's subject matter jurisdiction. "Subject matter jurisdiction is concerned with whether the court has the power to hear a case." <u>Int'l Bhd. of Painters & Allied Trades, Drywall Tapers, Finishers & Allied Workers Local Union 1944, AFL-CIO v. Befitel</u>, 104 Hawai'i 275, 281, 88 P.3d 647, 653 (2004) (quoting <u>Pele Def. Fund v. Puna Geothermal Venture</u>, 77 Hawai'i 64, 67, 881 P.2d 1210, 1213 (1994)).

The district courts are granted jurisdiction in civil actions by statute. Hawaii Revised Statutes (**HRS**) § 604-5(a) (2015 Supp.) provides:

---

[3] As best we can discern, the Honorable Gerald H. Kibe signed the order entering default judgment.

§604-5 Civil jurisdiction. (a) Except as otherwise provided, the district courts shall have jurisdiction in all civil actions where the debt, amount, damages, or value of the property claimed does not exceed $40,000, except in civil actions involving summary possession or ejectment, in which case the district court shall have jurisdiction over any counterclaim otherwise properly brought by any defendant in the action if the counterclaim arises out of and refers to the land or premises the possession of which is being sought, regardless of the value of the debt, amount, damages, or property claim contained in the counterclaim. Attorney's commissions or fees, including those stipulated in any note or contract sued on, interest, and costs, shall not be included in computing the jurisdictional amount. Subject to subsections (b) and (c), jurisdiction under this subsection shall be exclusive when the amount in controversy, so computed, does not exceed $10,000. The district courts shall also have original jurisdiction of suits for specific performance when the fair market value of such specific performance does not exceed $20,000 and original jurisdiction to issue injunctive relief in residential landlord-tenant cases under chapter 521.

Here, GRE sought in its complaint for summary possession damages against Watkins in the amount of $1,974.50 for his unpaid rent and late fee. Under HRS § 605-5(a), the district court had exclusive subject matter jurisdiction over GRE's action for summary possession. Watkins' argument otherwise is without merit.

**B.   Watkins' Failure to Appear in Court**

We note that Watkins filed his notice of appeal on June 23, 2015 from the Judgment for Possession entered on May 29, 2015, before the district court entered its Default Judgment as to damagaes on July 21, 2015. However, because the district court entered the Judgment for Possession based on Watkins' failure to appear and defend the lawsuit, we treat the entry of the Judgment of Possession as a default judgment.

DCRCP Rule 55 allows a district court to enter a default judgment where a party "has failed to plead or otherwise defend as provided by these rules[.]" DCRCP Rule 55(a). The court may also set aside an entry of default judgment "[f]or good cause shown" and "in accordance with Rule 60(b).[4]" DCRCP Rule

---

[4] DCRCP Rule 60(b) provides:

**Rule 60. RELIEF FROM JUDGMENT OR ORDER.**

.   .   .   .

**(b) Mistakes; inadvertence; excusable neglect; newly**
(continued...)

55(c).

Default judgments are generally disfavored. <u>Cty. of Hawai'i v. Ala Loop Homeowners</u>, 123 Hawai'i 391, 423, 235 P.3d 1103, 1135 (2010). "[T]he sanction of a default judgment is a harsh one." <u>Rearden Family Tr. v. Wisenbaker</u>, 101 Hawai'i 237, 254, 65 P.3d 1029, 1046 (2003). "We affirm that defaults and default judgments are not favored and that any doubt should be resolved in favor of the party seeking relief, so that, in the interests of justice, there can be a full trial on the merits." <u>Id.</u> (internal quotation marks omitted) (quoting <u>Lambert v. Lua</u>, 92 Hawai'i 228, 235, 990 P.2d 126, 133 (App. 1999)). In <u>BDM, Inc. v. Sageco, Inc.</u>, 57 Haw. 73, 549 P.2d 1147 (1976), the Hawai'i Supreme Court held that a party seeking to set aside a default must demonstrate three factors:

> In general, a motion to set aside a default entry or a default judgment may and should be granted whenever the court finds (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable neglect or a wilful act.

<u>Id.</u> at 76, 549 P.2d at 1150; <u>see</u> <u>Ala Loop Homeowners</u>, 123 Hawai'i

---

[4](...continued)
**discovered evidence; fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court of competent jurisdiction to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

at 423, 235 P.3d at 1135.

Although it appears Watkins attempted to defend the lawsuit against him related to damages, it does not appear that he contested the Judgment for Possession, and in any event he did not file a motion for relief from the judgment under DCRCP Rule 60(b) with the district court as required by DCRCP Rule 55(c). He has otherwise failed to articulate a meritorious defense that would warrant setting aside the default judgment under DCRCP Rule 55(c). See BDM, 57 Haw. at 76, 549 P.2d at 1150. Watkins has failed to demonstrate that he is entitled to relief from the judgment. The district court did not abuse its discretion in entering a judgment for possession against Watkins. See Gonsalves, 100 Hawai'i at 158, 58 P.3d at 1205.

## IV. CONCLUSION

Therefore, the "Judgment for Possession" entered on May 29, 2015 in the District Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, July 22, 2016.

On the briefs:

Michael Watkins
Defendant-Appellant pro se.

Mark D. Clement
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge